**John GREENE,**

v.

**John C. MINER; Bureau of Prisons.**

No. 05–1299.

United States Court of Appeals,
Third Circuit.

Submitted Under Third Circuit L.A.R.
34.1(a) April 25, 2005.

Decided April 28, 2005.

John Greene, Philadelphia, PA, Pro se.

Paul A. Blaine, Office of United States Attorney Camden Federal Building & Courthouse, Camden, NJ, for John C. Miner; Bureau of Prisons.

Before SLOVITER, BARRY and FISHER, Circuit Judges.

OPINION

PER CURIAM.

John Greene appeals from the District Court's order dismissing his habeas corpus petition filed under 28 U.S.C. § 2241. In his habeas petition, Greene challenges the calculation of his good conduct time ("GCT") by the Bureau of Prisons ("BOP"). For the following reasons, we will affirm the District Court's order.

Greene is currently incarcerated at the Federal Correctional Institution in Fairton, New Jersey, serving a sentence of 130 months imposed by the United States District Court for the Eastern District of Pennsylvania. According to the BOP, Greene is eligible under the applicable statute, 18 U.S.C. § 3624(b), to earn up to 509 days of GCT, *i.e.,* 54 days of GCT per year of time he will actually serve. The BOP projects Greene's release date as October 26, 2012.

After administratively challenging the BOP's calculation of his GCT, Greene filed a § 2241 habeas corpus petition in the District Court. Greene argues that § 3624(b) allows him to earn up to 54 days per year based on the term of sentence imposed, not based on time actually served, and that the BOP's calculation deprives him of the amount to which he is entitled by statute. Citing opinions from several other courts, the District Court rejected Greene's position and dismissed

his habeas petition. Greene appeals.[1]

We will affirm the District Court's order. As the Government explains in its brief, we recently resolved the issue in *O'Donald v. Johns,* 402 F.3d 172 (3d Cir. 2005). In *O'Donald,* we held that the meaning of § 3624(b) is ambiguous and thus deferred to the BOP's reasonable interpretation of the statute. *See O'Donald,* 402 F.3d at 174. Greene's challenge, identical to the one raised and rejected in *O'Donald,* is unavailing.

In short, for the reasons described in *O'Donald,* the District Court properly rejected Greene's challenge to the BOP's calculation of his GCT. Accordingly, we will affirm the District Court's order dismissing his habeas corpus petition.

1. We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253(a). We exercise plenary review over the District Court's legal conclusions and apply a clearly erroneous standard to its findings of fact. *See Ruggiano v. Reish,* 307 F.3d 121, 126 (3d Cir.2002).